[Cite as *State v. Huskey*, 2016-Ohio-61.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CLARK G. HUSKEY | : | Case No. 15 CAC 04 0031 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware Municipal
                                                       Court, Case No. 14TRC15655

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT:                     January 7, 2016

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

ELIZABETH A. MATUNE                    WILLIAM T. CRAMER
Assistant Delaware City Prosecutor    470 Olde Worthington Road, Suite 200
70 North Union Street                         Westerville, Ohio 43082
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}   Appellant Clark G. Huskey appeals a judgment of the Delaware Municipal Court convicting him of operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1)(a).  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}   At approximately 6:45 in the evening of November 15, 2014, Douglas Lovas was driving south on Africa Road in Delaware County.  He stopped at a red light at the intersection of Africa and Worthington.   The car behind him failed to stop and struck him from behind.  Lovas got out of his car and approached appellant, who was the driver of the other car.  Lovas noted that appellant's speech was slurred, his eyes were glassy, and he was not fully coherent.  Lovas saw fluids leaking from appellant's car and attempted to move appellant away from the car.  Appellant refused to move and began making phone calls while resting against the car.  Lovas believed that appellant was "extremely inebriated" and called 911.

{¶3}   Delaware County Sheriff Deputy Troy Ellis responded to the scene of the crash.  Deputy Ellis tried to talk to appellant, but appellant ignored him while talking on the phone.  Ellis noted a strong odor of an alcoholic beverage coming from appellant.  A second deputy asked for appellant's identification.  Appellant remained on the phone while slowly looking for his wallet.  After several minutes of fumbling, appellant produced his driver's license.  Ellis noticed that appellant's eyes were glassy.

{¶4}   When appellant discussed the accident with the deputies, he stated that he slid because the road was slippery; however, there was no precipitation on the road. Appellant told the deputy that he was coming from East Broad Street in Columbus, and

going to East Broad Street in Columbus.  Deputy Ellis asked appellant if he had consumed alcohol, and appellant responded that he had one drink about six hours earlier. Appellant's speech was slow, slurred, and deliberate.

{¶5}    Deputy Ellis asked appellant to undergo field sobriety testing.  Appellant was unable to comply with the deputy's instructions for the HGN test, and after several attempts, the deputy terminated the test.  Appellant was placed under arrest for operating a vehicle while intoxicated.  He refused to provide a breath sample.

{¶6}    Appellant was charged with driving at a speed greater than that which would permit him to bring the vehicle to a stop within an assured clear distance ahead (ACDA) (R.C. 4511.21(A)) and operating a vehicle while intoxicated (R.C. 4511.19(A)(1)(a)).  The case proceeded to jury trial.  Appellant was convicted as charged and sentenced on the OVI conviction to 2 years community control with 30 days of house arrest, a 3-day driver intervention program, and a $500 fine.  He was fined $50 for the ACDA conviction.

{¶7}    Appellant assigns two errors to the OVI conviction:

{¶8}    "I.  APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE HIS CONVICTION FOR OPERATING A VEHICLE WHILE UNDER THE INFLUENCE WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

{¶9}    "II.  THE JURY'S FINDING THAT APPELLANT OPERATED A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF R.C. 4511.19 WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

I.

{¶10}   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶11}   Appellant was convicted of violating R.C. 4511.19(A)(1)(a), which prohibits operating a vehicle if, at the time of the operation, the person is under the influence of alcohol, a drug of abuse, or a combination of them.

{¶12}   Appellant struck a car that was stopped at a red light.  Lovas noted that appellant's speech was slurred, his eyes were glassy, he was stumbling, and he appeared to be "extremely inebriated."  Tr. 20-21.

{¶13}   Deputy Ellis testified as to the factors that led him to conclude that appellant was intoxicated:

> The first factor in it is the collision itself.  Clear night, clear roadway, it's cold but not icy and you're in a vehicle.  The next thing is the behavior that you're on your phone, you're trying to obtain – you know, it's odd at a crash for people immediately to be on the phone with their insurance company trying to get the other person's license plate, vehicle make and model.  The odor, strong odor of an alcoholic beverage coming from their breath.  The admission of consuming alcoholic beverages.  The glassy eyes.  The slurred speech.

You know, unsteady on his feet. Um, you know, the response to questions. The fumbling around getting the driver's license out and taking I believe during the video it was over two and a half minutes of us requesting a driver's license for it to finally to be produced of when I keyed up my microphone and aired it which is when he would have handed it to me. The statements of other parties involved. . . . And then going, you know initially he didn't want to go back to my patrol car and then the inability to follow the instructions when I attempted to do the eye test. Tr. 45-46

{¶14} This is sufficient evidence when viewed in a light most favorable to the prosecution to convict appellant of OVI.

{¶15} The first assignment of error is overruled.

II.

{¶16} In his second assignment of error, appellant argues that the judgment is against the manifest weight of the evidence.

{¶17} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus (1967).

{¶18}  Appellant testified that his behavior at the scene was caused by a childhood brain injury, a severe back injury, and prostate cancer.  He further testified that the airbag went off in his face, which felt like being punched.  He argues that the evidence therefore demonstrates that his behavior was not caused by intoxication, and Lovas and Deputy Ellis had no medical training and no knowledge of appellant's normal behavior.  Appellant argues that Lovas did not testify as to smelling alcohol, and Ellis admitted that the level of intoxication could not be determined solely from odor.  Appellant argues that he could not complete the HGN test because he was facing the flashing lights of the fire truck.  He testified that he refused the breath test because attorneys he had worked for told him there are problems with the testing process, and that further he was not given an opportunity to call an attorney after asking to do so.  He argues that he admitted having only one drink hours earlier and to taking Klonopin after the accident, neither of which had any effect on his ability to drive.

{¶19}  As noted above, the State presented evidence of intoxication through the testimony of Lovas and Deputy Ellis.  The jury chose to believe the testimony of those witnesses rather than the testimony of appellant.  We cannot find that the jury clearly lost its way in finding appellant guilty of OVI.

{¶20}  The second assignment of error is overruled.

{¶21} The judgment of the Delaware Municipal Court is affirmed.   Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.